IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NOEL RICHARDSON,**

    **Plaintiff,**

**v.**                               //         CIVIL ACTION NO. 1:06CV136
                                                 (Judge Keeley)

**FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPT. OF JUSTICE,
DOMINIC A. GUTIERREZ, DR. MICHAEL
WATTERS, LEWIS BRESCOACH,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On September 7, 2006, the pro se plaintiff, Noel Richardson ("Richardson"), filed a civil rights complaint, alleging that the medical staff at Morgantown Federal Correctional Institution ("FCI-Morgantown") failed to adequately treat his serious medical needs.[1] Therefore, Richardson seeks an Order from the Court directing the defendants to provide him with adequate medical care, or in the alternative, directing the defendants to transfer him to a Federal Medical Center. On the same day, after an initial screening in accordance with Local Rule of Prisoner Litigation 83.01, et seq,

---

[1] In his Judgment and Commitment Order, the sentencing court recommended that Richardson be incarcerated at a Federal Medical Center where he could receive treatment for his serious medical conditions of bladder cancer and heart disease, but the Bureau of Prisons ("BOP") designated Richardson at FCI-Morgantown.

**RICHARDSON V. FEDERAL BUREAU OF PRISONS et al          1:06cv136**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Magistrate Judge John S. Kaull concluded that Richardson's complaint should not be summarily dismissed, directed the Clerk to issue summonses, directed the United States Marshals to serve the summonses and complaint on the defendants, and ordered that the defendants show cause as to why the Court should not grant an expedited hearing in this case.

On September 18, 2006, the defendants filed a motion to dismiss, asserting that Richardson had failed to exhaust his administrative remedies prior to filing this action.[2] On September 19, 2006, the Court issued a Roseboro Notice[3] to the pro se plaintiff advising him that he had 20 days to respond to the defendants' motion. On September 29, 2006, Richardson responded to the motion to dismiss.

---

[2] Failure to exhaust is an affirmative defense that must be proven and pleaded by the defendant. Anderson v. XYZ Corr. Health Servs., 407 F.3d at 683 (noting that in some instances *sua sponta* dismissal for failure to exhaust may be appropriate). If the defendant provides sufficient evidence demonstrating that an inmate failed to exhaust available administrative remedies, a motion to dismiss should be granted. Akins v. United States, 2006 WL 752845, at *2 (D.S.C. Mar. 22, 2006) (granting the motion to dismiss when undisputed evidence, including testimony from plaintiff, revealed plaintiff did not follow grievance procedures). If the record provided is unclear as to exhaustion, a court should deny a motion to dismiss. Kahle v. Leonard, 2006 WL 1519418, at *3 (D.S.D. May 26, 2006) (denying defendants' motion to dismiss on failure to exhaust grounds because the record provided was not clear, leading the court to conclude that the defendants did not meet their burden).

[3] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975)(when the defendant files a dispositive motion in a proceeding initiated by a pro se plaintiff, the Court has a mandatory duty to advise the plaintiff of his right to file responsive material and to alert him to the fact that his failure to properly respond could result in the entry of an order of dismissal against him).

**RICHARDSON V. FEDERAL BUREAU OF PRISONS et al        1:06cv136**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On October 19, 2006, the Magistrate Judge filed a Report and Recommendation, recommending that Richardson's complaint be dismissed without prejudice because he had failed to fully his exhaust administrative remedies at every level. In his Report and Recommendation, the Magistrate Judge informed Richardson that failure to object to the recommendations would result in the waiver of his appellate rights on those issues.

On October 31, 2006, Richardson filed objections to Magistrate Judge Kaull's recommendation, stating that he had spent approximately five (5) months going through the administrative process while his medical condition continues to worsen. He unilaterally asserted that the Bureau of Prisons had either lost his forms or refused to respond to his requests; thus, he argued that the alleged failure to respond should be considered a denial of his administrative remedies. Richardson further asserted that a prisoner is not required to exhaust his administrative remedies when he is at imminent risk of irreparable personal injury. Therefore, he also argued that he should not be required to continue through the administrative remedy process because he has already sustained irreparable physical harm.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner confined in any jail, prison, or other correctional facility may not bring an action with respect to prison conditions

3

under 42 U.S.C. §1983 or any other federal law until such administrative remedies as are available to him have been exhausted. 42 U.S.C. § 1997(e)(a). It is will established that the exhaustion requirement is mandatory, <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 677 (4th Cir. 2005), and the requirement applies to all inmates and all suits concerning prison life. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Under the PLRA, an inmate is not only required to initiate a grievance, but must also appeal any and all denials of relief through every available level of administrative review prior to initiating suit. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2386-87 (2006) (finding that proper exhaustion under the PLRA requires a prisoner to complete the administrative review process in accordance with institutional procedural rules, including deadlines, as a precondition to bringing a suit in federal court). As the Court noted in <u>Woodford v. Ngo</u>, exhaustion serves several important functions: (1) it prevents the federal courts from overly intruding on a prison system, (2) it improves the quality and reduces the quantity of suits by inmates, (3) it provides a record that helps a reviewing court make decisions, and (4) it allows the prison an opportunity to correct its own mistakes. <u>Id.</u> at 2385-88.

The BOP makes available to its inmates a three-level administrative remedy process if informal resolution procedures

fail to achieve sufficient results. 28 C.F.R. §542.10 et seq. A prisoner must make a request for administrate remedy at the institution and then appeal any unfavorable decision at the regional and central office levels to properly exhaust his administrative remedies. Woodford v. Ngo, 126 S.Ct. at 2386-87 (2006). Here, Richardson has only shown that he has submitted "Inmate Request to Staff" and "Administrative Remedy Informal Resolution" forms to staff at FCI-Morgantown. Richardson failed to attach any formal "Request for Administrative Remedy forms which he claims he has filed at the institution level to his complaint. Furthermore, despite Richardson's contention that he has not received any responses with respect to his informal requests, the forms attached to his complaint clearly demonstrate that an FCI-Morgantown staff member provided a written response to his June 30, 2006 "Administrative Remedy Informal Resolution" form.

A review of the record reveals no evidence that Richardson filed a formal "Request for Administrative Remedy" at the institution level yet alone exhausted his regional and central office appeals. Rather, the declaration from Clarissa M. Green, the Legal Instruments Examiner for the Mid-Atlantic Region, which was submitted by the defendants, clearly establishes that Richardson has filed no formal requests for administrative remedies with the BOP.

**RICHARDSON V. FEDERAL BUREAU OF PRISONS et al    1:06cv136**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Although failure to exhaust may be excused in certain circumstances, Richardson has offered nothing more than his unilateral assertions that he has submitted "all the required administrative remedy forms" and has not received any responses from the BOP. If prison officials impede a prisoner's attempts to exhaust by denying that inmate the proper forms, by failing to educate the inmate on the grievance process, or by failing to respond to a proper grievance, a prisoner may be excused from exhaustion requirements. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001); Arnold v. Goetz, 245 F.Supp.2d 527, 538-39 (S.D.N.Y. 2003); Amaro v. Taylor, 170 F.Supp.2d 460, 464 (D.Del. 2000). Here, the record demonstrates that Richardson has only taken part in the informal resolution process and has failed to file any formal "Request for Administrative" remedy at the institution level or any appeal to at the regional or central office level.

Therefore, the Court **ADOPTS** Magistrate Judge Kaull's Report and Recommendation in its entirety and **ORDERS** that this matter is **DISMISSED WITHOUT PREJUDICE** for failure to fully exhaust administrative remedies.

It is **SO ORDERED.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: November 9, 2006.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
